**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **RONALD LEE GREEN,** | ) | CASE NO. 7:20CV00310 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **CAPTAIN RATLIFF, ET AL.,** | ) | By:  Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendants.** | ) | |

Plaintiff Ronald Lee Green, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials have ordered him to remove his Muslim cap in violation of his constitutional rights.  Upon review of the record, the court concludes that the action must be summarily dismissed for failure to state a claim.

At the time Green filed this action in June 2020, he was confined at Keen Mountain Correctional Center, although he has since been transferred.  The § 1983 forms on which Green has written his claims expressly advised that he should "Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places."  Compl. 2, ECF No. 1.  Green's allegations on each of the three forms he used, which were jointly filed as one civil action, read something like this:

> Three C/O's have made me Remove my (Islamic Cuffie Head covering)[.]  I am a (Muslim Male) and (No-Muslim Female) Would be asked Under Protection of the U.S. Constitution (1st) Amendment to Remove her Hajab so Why Should I.
>
> Three Correctional Officers said Fuck Islam Your not Wearing that Shit Up here in these Mountains Nigger Fuck Islam and Muslims.

Id.  As relief in this action, Green seeks monetary damages.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state

a claim upon which relief can be granted." Section 1983 permits a party to file a civil action against a person for actions taken under color of state law that violated the party's constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). In a § 1983 case, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).

The Federal Rules of Civil Procedure "require[] only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "'Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.'" Lewis-Bey v. Wilson, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019) (quoting Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974)).

Green's complaint lists a total of four individuals as defendants: Captain Ratliff, C/O J. Owens, Unit Manger Collins, and C/O Dixon. Despite the directions on the § 1983 form, however, Green's complaint does not describe any action or omission by each of these individuals, personally, or even mention their names in the claims section of his complaint forms. Indeed, their names appear only in the caption of the § 1983 forms. Green also fails to describe the particular circumstances in which the alleged violations of his rights occurred or to provide dates for any of the incidents. Thus, Green has not stated facts describing personal actions by each of the defendants as required to state a § 1983 claim against any of them. Therefore, the court will

summarily dismiss the action pursuant to § 1997e(c) for failure to state any claim upon which relief may be granted.  An appropriate order will enter this day.

The clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**:  This __5th__ day of November, 2020.

_____
Senior United States District Judge